[No. 20780. In Bank. — December 30, 1891.]

THE PEOPLE, RESPONDENT, v. FRANK ELLS-WORTH, APPELLANT.

CRIMINAL LAW — TRIAL — STATEMENT OF CASE FOR PROSECUTION. — Where the evidence given upon the trial of a criminal case is sufficient to sustain a verdict of conviction of the defendant, it is immaterial whether or not the district attorney fully stated all the evidence and facts in his opening statement to the jury, and objections raised by the defendant to the sufficiency of the opening statement to sustain a conviction will not be considered upon appeal.

ID. — BURGLARY — VENUE — STREETS OF CITY. — Where the venue of the crime of burglary is laid in the information as having taken place at a house of a certain specified number on Folsom Street, in the city and county of San Francisco, the venue is sufficiently proved by evidence that the offense was committed at that number on that street, although

it is great carelessness for the prosecution not to prove affirmatively that it was committed within the city and county of San Francisco.

ID. — RIGHT TO CHALLENGE JURORS — NEGLECT OF COURT — ERROR WITH-OUT PREJUDICE. — The defendant in a criminal action, when represented by counsel, suffers no prejudice from the neglect of the court to inform him of his right to challenge jurors as provided by the Penal Code, though the court should never allow such a point to get into the case.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The information accused the defendants of a burglary committed in the city and county of San Francisco, at No. 929 Folsom Street. At the conclusion of the statement by the district attorney of what the prosecution intended to prove, defendant's counsel moved to dismiss the information, upon the ground that the facts stated, if proved, would not justify a conviction, and also moved the court to instruct the jury to acquit the defendant upon the same ground. The court denied both motions. The only proof of venue was, that the house at No. 929 Folsom Street was entered, and goods stolen therefrom which were found in possession of the defendants at the Milton House, corner of Howard and Third streets. Further facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

*Attorney-General Hart*, and *Deputy Attorney-General Sanders*, for Respondent.

McFARLAND, J. — The appellant was convicted of burglary in the second degree, and appeals from the judgment and order denying him a new trial.

The evidence was sufficient to justify the verdict; and it was immaterial whether or not the district attorney fully stated all the evidence and facts in his opening statement to the jury.

There was sufficient proof of the venue (*People* v. *McGregor*, 88 Cal. 140), although, as to that matter, the prosecution showed great carelessness.

We see no error in the matter of instructing the jury.

The appellant suffered no prejudice from the neglect of the court to inform him of his right to challenge jurors as provided in section 1066 of the Penal Code, as he was represented by counsel (*People* v. *Mortier*, 58 Cal. 266), unless we are to assume that his counsel was incompetent. Courts, however, should never allow such a point to get into a case. If judges, when trying criminal cases, would keep the code before them, and look into it occasionally, they could avoid many technical exceptions which arise out of the failure to perform mere routine duty. We see no error in the record.

Judgment and order affirmed.

DE HAVEN, J., SHARPSTEIN, J., GAROUTTE, J., and HARRISON, J., concurred.