STATE, Respondent v. GEELAN, Appellant

(120 N.W.2d 533)

(File No. 9975. Opinion filed March 14, 1963)

**Martin Weeks** of Bogue & Weeks, Vermillion, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., **D. J. McClure,** Asst. Atty. Gen., Pierre, for Plaintiff and Respondent.

RENTTO, J. This prosecution involves the burglary described in State v. Orricer, S.D., 120 N.W. 2d 528. The defendant here is the man referred to in that opinion as the one who ran north in the alley carrying a brief case.

He was charged with burglary in the second degree under SDC 13.3702(4) and burglary in the third degree under SDC 1960 Supp. 13.3703(2). On the trial he was represented by two resident lawyers. The jury found him guilty of burglary in the second degree on which he was sentenced to 15 years in the penitentiary. His motion for a new trial was denied. On this appeal from the judgment he appears by court appointed counsel who also presented his motion for a new trial. His present counsel did not appear for him previously in this proceeding.

At the outset of his trial the defendant presented to the court a writing, which he had prepared, denominated a "motion in abatement for cause." It is largely a rambling recitation of complaints against the prosecuting officers but does not make clear what, if anything, he wants the court to do about them. However, it also contains a request that a witness of expert type be furnished him and that the state be ordered to release to such witness its exhibits so that he might examine them. While the document makes no mention what the state's exhibits might be, he apparently had in mind those which had been introduced in the prosecution of his companion Orricer, who had recently been convicted in the same court of the same offense. The court's failure to grant this request is assigned and argued as error.

■■ His right to the appointment of the requested expert witness is premised on SDC 1960 Supp. 36.0109, which states:

"Whenever, in a civil or criminal proceeding, issues arise upon which the court deems expert evidence is desirable, the court, on its own motion, or on the request

of either the state or the defendant in a criminal proceeding, or of any party in a civil proceeding, may appoint one or more experts, not exceeding three on each issue, to testify at the trial."

This provision does not create an absolute right to the appointment of an expert witness. It merely permits the appointment of such witness in a proper case. Whether the appointment is made is committed to the discretion of the court.

■ ■ Defendant's application did not intimate any reason why an expert witness should be appointed or that any were available or had been consulted by him or anyone on his behalf. Nor did it suggest that the experts used by the state in the prosecution of Orricer, and whom defendant expected to testify in this case, were unqualified or biased. In these circumstances the court did not abuse its discretion in not granting the request. Moreover, the reporter's transcript reveals that the court did not rule on the motion. It is inferable therefrom that this occurred because the motion was abandoned or withdrawn by defendant's counsel.

■ The next contention is that the court erred to defendant's prejudice by failing to advise him that if he intended to challenge any jurors he must do so when the juror appeared and before he was sworn to try the case. In this connection he cites that part of SDC 1960 Supp. 34.3615, which provides as follows:

"Before a juror is called, the defendant must be informed by the Court, or under its direction, that if he intends to challenge an individual juror, he must do so when the juror appears and before he is sworn to try the case."

The record does not show and the prosecution does not claim that this was done by the trial court. It is the position of the state that the defendant was not thereby prejudiced. By SDC 1960 Supp. 34.2902 we are directed to disregard error unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right.

Concerning the selection of the jury the stenographic transcript of the trial shows only that its selection was commenced

on April 4, 1961 and completed the following day. From the proofs presented at the hearing on the motion for a new trial it appears that one juror who had served on the Orricer case was a member of the jury in this case. Defendant in his affidavit states that one of his counsel made a general objection to the seating of any juror who had served in the Orricer case. The state's showing is that defendant's counsel in his examination of this juror learned that she had been a juror in the other case but was satisfied with her assurance that she could and would be fair in this case. She was not challenged for cause nor did defendant exercise a peremptory challenge as to her even though he used only two of his ten peremptory challenges.

To find prejudice in this regard we would have to hold that defendant's counsel were incompetent. This is not warranted. Both of them are long-time members of our bar with years of trial experience. We feel justified in presuming that they were aware of the quoted portion of SDC 1960 Supp. 34.3615. There is support for this in the record. Under a similar statute California years ago took the same view. People v. O'Brien, 88 Cal. 483, 26 P. 362; People v. Ellsworth, 92 Cal. 594, 28 P. 604. This position was recently adhered to in People v. Linden, 52 Cal.2d 1, 338 P.2d 397.

In his affidavit for a new trial the defendant claims that he had arranged with a lawyer from Lincoln, Nebraska, who was a long-time personal friend, to defend him. This counsel was present on the day he claims was originally set for the trial of his case but the order of trial for the term, he says, was then changed so that the trial of the Orricer case was started that day. His Nebraska counsel, even though not previously engaged for such assignment, appeared for Orricer in his trial. After the completion of that case the defendant alleges that it was agreed that his case would be tried next at a stipulated date with ample notice of time given to his Nebraska lawyer. Because such notice was not given, making it impossible for him to have his lawyer present, he contends that he was denied the right to have counsel of his own choosing represent him.

His version of the matter is denied by the state, but we need not concern ourselves further with this facet of the problem. The

trial transcript shows that this claim was not made when the case was brought on for trial or presented to the court during the trial. It was raised for the first time by affidavit on defendant's motion for a new trial. As was said by this court in State v. Painter, 70 S.D. 277, 17 N.W.2d 12, "This method of presentation to the circuit court was not proper or sufficient under the provisions of SDC 34.4005 and, therefore, the question cannot be considered by this court on appeal."

Several evidentiary matters are assigned and argued as error. These concern the admission of testimony and the reception in evidence of numerous exhibits. No useful purpose would be served by a separate discussion of them in this opinion. We have reviewed all of these matters with care and are satisfied that in each instance the court ruled correctly. Complaint is also made of one instance in which the court limited cross-examination of one of the state's witnesses. If this was erroneous surely it was not prejudicial.

██ In addition to the evidence set out in our opinion in the Orricer case concerning the commission of the crime and this defendant's participation in it, the evidence here shows that he was apprehended in Vermillion around noon on Sunday, November 13, 1960, about 8 hours after the break-in was first discovered. Acting on a tip, the officers made a search of the third floor of the Medical Building of the University of South Dakota, to which an addition was under construction. They had difficulty opening a door to a small closet because something seemed to be holding it. When they finally jerked the door open they found the defendant in the closet. Accepting the state's evidence and indulging the most favorable inferences which can fairly be drawn therefrom, as the jury had a right to do, we have no hesitancy in holding that the evidence is sufficient to sustain the verdict.

Affirmed.

HANSON, P. J., ROBERTS, J., and LUND, Circuit Judge, concur.

BIEGELMEIER, J., not participating.

LUND, Circuit Judge, sitting for SMITH, J., disqualified.