STATE v. DONALD WAYNE SEARLES.*

165 N. W. (2d) 552.

February 28, 1969—No. 41240.

C. *Paul Jones,* State Public Defender, *Robert E. Oliphant,* Assistant State Public Defender, and *Rosalie Wahl,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Thomas Poch* and *Thomas Quayle,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant appeals from a conviction of aggravated robbery, claiming that the evidence offered by the state as corroboration for the testimony of an accomplice was insufficient and that articles of clothing and weapons taken from defendant's car were improperly admitted in that they were illegally seized by the police.

The robbery in question took place at Widmer's Super Market in St. Paul on May 23, 1967. A woman who lived directly across the alley behind the store had written down the license number of the car in which the robbers fled and Minneapolis police located it at the home of the registered owner, one Barbara Brown. When police entered the Brown home, defendant attempted to flee on foot but was apprehended in the neighborhood. That evening the customers and employees who were in the store at the time of the robbery were called to St. Paul police headquarters to view a lineup. One customer identified defendant as one of the three robbers, stating that as he forced her into the meat cooler his mask fell down and she got a good look at his face. The other witnesses to the robbery were unable to identify him.

---

* Certiorari denied, 395 U. S. 940, 89 S. Ct. 2009, 23 L. ed. (2d) 456.

Defendant's car was parked in front of the Brown home at the time of his arrest, and it was subsequently towed to the St. Paul police garage where it was searched pursuant to a warrant. The search revealed clothing and hand guns, later identified by witnesses as similar to those worn and used by the robbers and received in evidence. Defendant testified at a pretrial Rasmussen hearing that as he was fleeing from Miss Brown's home he observed police around his car and a door open. (He also stated that he was running toward the back alley from a side door and being shot at at the time he made this observation.) The court denied his motion to suppress the physical evidence found in his car, following testimony by several police officers that no one had entered his car or had even been near it at the time defendant fled.

At the trial the witness who had identified defendant in the lineup had difficulty repeating her identification and was confused as to just how the lineup had been conducted. She attributed the problem with identification to the fact that at the trial defendant was wearing glasses, which she had never seen him do before, and had lost weight since the time of the lineup. The other witnesses who had attended the same lineup were unanimous in their testimony as to the procedure followed. During the trial Miss Brown was granted immunity from prosecution and testified that she drove the getaway car, that defendant was one of the robbers, and that the items taken from defendant's car were those used in the robbery.

The requirement of corroborative evidence under Minn. St. 634.04 was considered by this court at some length in State v. Mathiasen, 267 Minn. 393, 127 N. W. (2d) 534. The sufficiency of eyewitness identification was considered in State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543. We see no need for a detailed discussion here. It is sufficient to state that, in addition to the eyewitness testimony to corroborate Miss Brown's testimony, there was the suspicious and unexplained conduct of defendant in fleeing from the Brown home and abandoning a recently purchased car, and the identification by other witnesses of items found in that car as similar to those used in the robbery. With respect to the identification of defendant, the record shows that vigorous cross-examination of the witness pointed out to the jury all the possible doubts as to her identification and reveals no conduct by the police which would support a conclusion that the lineup procedure followed was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384, 88 S. Ct. 967, 971, 19 L. ed. (2d) 1247, 1253.

Defendant's claim of unlawful search is based solely on his alleged observations made under admittedly adverse circumstances. It is rebutted by the testimony of the policemen who were on the scene. Under these circumstances, we cannot say that it was error for the court to deny defendant's motion to suppress the items seized. The clothing and guns were therefore properly admitted at trial.

Under the well-established rule, most recently set out again in State v. Harrison, 279 Minn. 310, 156 N. W. (2d) 763, that in reviewing criminal convictions the evidence must be considered in the light most favorable to the verdict, we conclude that the claims of error raised by defendant on this appeal are without merit and the conviction must be affirmed.

Affirmed.