**James Lee CRUMMIE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 28420
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 20, 1970.

Rehearing Denied June 10, 1970.

---

James Lee Crummie, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., Jesse J. Mc-Crary, Jr., Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

James Lee Crummie has appealed from the district court's denial of his petition for habeas corpus. We affirm.[1]

The appellant has completed service of the prison sentence of which he has complained and he is not presently confined. Nevertheless we have adjudicated his appeal on its merits. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.

Appellant Crummie was convicted of robbery in the Criminal Court of Record in and for Dade County, Florida, upon trial by the court without a jury. Upon direct appeal the judgment was affirmed. Crummie v. State, Fla.App.1967, 204 So. 2d 913, cert. dismissed Fla., 212 So.2d 876.

In his federal habeas corpus petition, the appellant alleged eight grounds for relief. The district court ordered an evidentiary hearing on the contention of prejudicial lineup, at which the appellant and others testified.

At the hearing the appellant, through counsel, advised the court that all grounds alleged except the lineup question were abandoned as lacking in merit. Concerning the lineup, the appellant has contended that his identification as the robber was assured by his being the only fat light-skinned Negro present in it.

The district court found the relevant facts as follows:

"One Sergeant A. W. Mitchell of the City of Miami Police Department investigated the robbery of a service station.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part. I.

Wherein he got the license number of the car involved from the service station attendant. Upon checking out the license number, the same checked out to belong to the petitioner Crummie. A check was made of the records bureau and a picture of the car owner was ascertained. This picture of petitioner Crummie, along with eleven (11) others, was taken back to the service station, where the station attendant identified the petitioner as the 'hold-up man.'

"At approximately 6:30 P.M., Crummie was arrested and advised of his rights by officers of the police department based on information received from Sergeant Mitchell. Petitioner was then taken to the police station where a lineup was held. It is that lineup which forms the core of the petition before this Court. The questioned lineup consisted of six (6) people, James Crummie being one of them. All the persons in the lineup were of similar physical features. A picture of which was introduced at the evidentiary hearing by the respondent.

"Testimony was adduced that the persons in the lineup were not systematically selected to insure the identification of the petitioner Crummie. Police Officers of the City of Miami testified that persons in the lineup were selected according to their features which closely resembled those of the petitioner."

At the lineup and at the trial, the robbery victim positively identified Crummie as being the man who robbed him.

The district court held that the totality of circumstances did not reveal that the lineup was so unfair as to deny the appellant due process.

We have examined the testimony of the evidentiary hearing below, and two photographs of the lineup which were taken when it occurred. It is true that no other man in the lineup looked quite like Appellant Crummie, who is very distinctive in appearance. We believe, however, that the district court's findings are not "clearly erroneous." Rule 52(a), F. R.Crim.P.; see Calloway v. Wainwright, 5th Cir. 1969, 409 F.2d 59, cert. denied

395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222; Smith v. Heard, 5th Cir. 1963, 315 F.2d 692.

We hold that the lineup was not "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to constitute a denial of due process. See Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; cf. Foster v. California, 1969, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402; Pearson v. United States, 5th Cir. 1968, 389 F.2d 684. Accordingly, the judgment of the district court is affirmed.

Affirmed.