**Donald Wayne SEARLES, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**No. 20225.**

United States Court of Appeals, Eighth Circuit.

July 14, 1970.

Donald Wayne Searles, pro se.

Brief of appellee was filed by Douglas M. Head, Atty. Gen., James M. Kelley, Asst. Atty. Gen., and Darrell C. Hill, Special Asst. Atty. Gen., St. Paul, Minn.

Before MATTHES, Chief Judge, and JOHNSEN, Senior Judge and LAY, Circuit Judge.

LAY, Circuit Judge.

Petitioner, a state prisoner, appeals from a denial of a writ of habeas corpus by the federal district court. Petitioner alleges violations of his constitutional rights arising from his September 15, 1967 conviction in the Minnesota state court for aggravated robbery. In the trial court, as well as here, he alleged two grounds for relief: (1) that evidence of his clothing and guns were illegally seized from his car and (2) the pretrial identification procedures by the police were constitutionally impermissible. Both of these claims were raised in the state court. Upon direct appeal the Supreme Court of Minnesota affirmed the conviction. State v. Searles, 165 N.W.2d 552 (Minn.1969). The federal district court denied petitioner an evidentiary hearing since its investigation of the state transcript and record were deemed sufficient to pass on the questions raised.

 The evidence surrounding petitioner's conviction is summarized in the opinion of the Supreme Court of Minnesota and need not be repeated here. In regard to the search and seizure issue the Minnesota Supreme Court observed that there was a conflict in the testimony at trial as to whether defendant's car was actually searched before a search warrant was obtained. 165 N.W.2d at 554. This factual conflict was resolved against the petitioner, and as such stands presumptively correct. In re Parker, 423 F.2d 1021 (8 Cir. 1970). Furthermore, the record demonstrates that the evidence in question was at all times in plain sight and the officers would have been fully justified in seizing it under the circumstances presented. See Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Leffler v. United States, 409 F.2d 44 (8 Cir. 1969).

 The Minnesota Supreme Court likewise found that under Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), that the lineup procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 165 N.W.2d at 554. The lineup arose prior to the *Gilbert* and *Wade* [1] cases. The applicable test is whether under the "totality of circumstances" the lineup was so suggestive that the in-court identification was irreparably tainted. Foster v. California,

---

1. Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967);

United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); Simmons v. United States, supra.

■ Petitioner was implicated by an admitted accomplice, Barbara Brown. The car used for a get-away was traced to her home shortly thereafter. Petitioner was captured fleeing Barbara Brown's home on the day of the robbery. Petitioner claims that without corroboration by the lineup witness, Mrs. Standish, his conviction rests solely upon the accomplice's testimony in violation of Minn.Stat.Ann. § 634.04 (1945). The Minnesota Supreme Court found further corroborative evidence in the petitioner's flight, his abandonment of a recently purchased car and the identification by other witnesses of the gun and clothing as being similar to those used and worn in the robbery. Neverthless, we review the lineup procedure, since we are unable to say in the event the lineup itself was violative of due process, that the in-court identification by Mrs. Standish would constitute harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Mrs. Standish, who was present at the robbery scene, identified petitioner in a lineup shortly after the robbery. The robbery took place at a St. Paul supermarket at 10:00 a. m. on May 23, 1967. Mrs. Standish had seen the face of one of the robbers (later identified by her to be Searles) at the meat cooler when the scarf covering his face dropped at the time of the robbery. The lineup took place the same evening. Mrs. Standish recalled a lineup with Barbara Brown and three men. Mrs. Standish testified that one of the men appeared to be dressed like a "detective" and was not present at the robbery. One man was much younger and was identified by Mrs. Standish as one of the men involved in the robbery. The other man (No. 1 in the lineup) was the petitioner. At the time of the lineup he appeared without a hat, was bald and without glasses. At the time of the robbery Mrs. Standish

said he was wearing a hat. During her in-court identification, she had difficulty identifying the petitioner in that he was wearing glasses, had lost weight and was no longer bald. She further identified Searles from a picture of a lineup taken by the police. She testified that she had also witnessed this lineup in which Searles appeared with three other men. This picture was offered into evidence. Cf. United States v. Sherman, 421 F.2d 198 (4 Cir. 1970).

Petitioner alleges that the lineup was suggestive in that he was the only individual in the lineup who was bald headed and that no one else appeared who possessed similar physical characteristics. The difficulty with this argument is that Mrs. Standish made the lineup identification even though at the time of the robbery she said the petitioner wore a hat. She testified that at the time of the robbery when the scarf covering petitioner's face fell down she "looked right into his face." No other witness present at the lineup was able to identify the petitioner other than Mrs. Standish. She was the only one who saw his face at the robbery scene. Under the guidance of existing case law, the identification procedure utilized in this case was not so impermissibly suggestive so as to vitiate Mrs. Standish's identification, both in or out of the court room. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). See, United States v. Sherman, supra; United States ex rel. Rutherford v. Deegan, 406 F.2d 217 (2 Cir. 1969); Gallagher v. United States, 406 F.2d 102 (8 Cir. 1969); Boyden v. United States, 407 F. 2d 140 (9 Cir. 1969); United States v. Collins, 416 F.2d 696 (4 Cir. 1969); United States v. Hammond, 419 F.2d 166 (4 Cir. 1969); United States v. Clark, 294 F.Supp. 44 (D.C.D.C.1968). Nor do we feel the alleged solitary face to face confrontation between petitioner and the witness under the totality of circumstances existing here invalidates the lineup.[2] Cf. Stovall v. Denno, 388 U.S. 293,

2. Although other witnesses recalled a "one to one" confrontation, Mrs. Standish testified she did not recall a lineup where Searles appeared alone.

302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966). This is especially true when only a short time elapsed between the robbery and the lineup itself. Cf. United States ex rel. Davis v. Follette, 410 F.2d 1135 (2 Cir. 1969).

Judgment affirmed.