**Gilbert Arizona UTSLER, Petitioner,**

v.

**Don R. ERICKSON, Warden of the South Dakota Penitentiary, Respondent.**

**Civ. No. 70–73S.**

United States District Court,
D. South Dakota, S. D.

July 31, 1970.

Richard Braithwaite, of Braithwaite, Cadwell & Braithwaite, Sioux Falls, S.D., for petitioner.

Roger A. Schiager, Special Asst. Atty. Gen., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner Gilbert Arizona Utsler has initiated this habeas corpus proceeding pursuant to 28 U.S.C. Sec. 2241 alleging that his present confinement in the South Dakota State Penitentiary is the result of a conviction returned in a trial in which he was deprived of his constitutional rights. Petitioner was convicted by a jury of robbery in the first degree and was sentenced to serve ten years in prison.

Petitioner did not appeal his conviction, but later sought post-conviction relief under SDCL Ch. 23–52 (1967). The state trial court denied his petition for relief and the ruling was upheld by the South Dakota Supreme Court. Utsler v. State of South Dakota, S.D., 171 N.W.2d 739 (1969).

Petitioner now asserts the same three grounds for relief that he had submitted to the South Dakota courts; i.e., that he was denied his constitutional rights in that (1) the trial court refused to allow him funds with which to employ a medical expert prior to trial to assist in the preparation of his defense; (2) an illegally obtained statement was admitted during the trial to impeach the petitioner's testimony; and (3) the pre-trial identification of petitioner and the subsequent in-trial identification were made in such manner to deprive the petitioner of due process of law.

An evidentiary hearing was held before this Court on June 11, 1970, at which time petitioner testified in his own behalf. Petitioner has been represented at all stages of state and federal proceedings by appointed counsel as he is without funds to retain counsel.

After an examination of the records and files in this matter, it is apparent that the petitioner has exhausted his state court remedies in presenting the three points presently pursued to the South Dakota courts. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Buffalo Chief v. State of South Dakota, 425 F.2d 271 (8th Cir. 1970); Kennedy v. Sigler, 397 F.2d 556 (8th Cir. 1968).

We proceed therefore to the contentions of the petitioner which will be considered seriatim.

*Pretrial Assistance of Medical Expert*

The robbery of which petitioner was convicted occurred in Sioux Falls, South Dakota, at about midnight on July 4, 1966. Petitioner testified that he had arrived in Sioux Falls between 6:00 p.m. and 7:30 p.m. in the evening of July 3rd and spent the remainder of the evening in Sioux Falls drinking beer until about midnight. He was apprehended near Madison, South Dakota, about 1:00 a.m. on July 4th. Utsler did not state that he was intoxicated, but the victim of the robbery stated with some uncertainty that Utsler was not intoxicated at the time of the robbery. The highway patrolman who apprehended petitioner testified that he did not smell any intoxicating liquor on petitioner's breath when he searched him, but that petitioner did not seem like a sober man.

Voluntary intoxication is not a defense in South Dakota unless the intoxication is found by the jury to negate a specific intent essential to the crime. SDCL 22–5–5 (1967); Goings v. United States, 377 F.2d 753 (8th Cir. 1967). Cf. Powell v. Texas, 392 U.S. 514, 88 S. Ct. 2145, 20 L.Ed.2d 1254 (1968). Involuntary intoxication could apparently be a defense in an appropriate instance. Cf. Annot., 8 A.L.R.3d 1236.

Prior to the trial, petitioner's appointed counsel petitioned the state court for an examination of the petitioner by a psychiatrist to determine whether involuntary intoxication at the time of the offense could by raised as a defense in petitioner's behalf. The petitioner voluntarily submitted to examination by two psychiatrists at the South Dakota State Mental Institution in Yankton, South Dakota. Neither psychiatrist

made a determination in regard to the petitioner's susceptibility to involuntary intoxication, but made the customary diagnosis of sociopathic personality disturbance, anti-social reaction.

Thereafter, counsel petitioned that the court order another examination as the first examinations were wholly inconclusive. The court denied the request, but ordered that counsel be reimbursed for expenses if he desired to travel to Yankton to confer with the examining psychiatrists in regard to the defense of involuntary intoxication as related to the petitioner.

Counsel later conferred with the superintendent of the mental hospital who informed him that there was no condition or diagnosis of involuntary intoxication and that further consultation with the examining physicians would be of no benefit. At the commencement of the trial, counsel informed the court of this discussion and asked that the petitioner be examined by a Sioux Falls psychiatrist who had informed counsel that the state of involuntary intoxication is known to the field of psychiatry. The court denied the request, stating that he was aware of no authorization for psychiatric examination unless the defendant had entered a plea of not guilty by reason of insanity.

Defense counsel renewed a prior motion that the court direct that the money taken from petitioner when he was arrested be returned to him for use in paying for the examination. The motion was denied as the state contended that most of the money had been taken in the robbery. Petitioner does not contend that the money was his or that he had funds to employ a psychiatrist. The court stated that the two psychiatrists who had previously examined the petitioner would be made available at the trial if defense counsel requested.

■ Pursuant to SDCL 19–6–1 (1967) the state trial court may order that as many as three experts may be called to testify at the expense of the state. The provision has been construed to mean that the matter of appointment of experts at public expense is within the discretion of the court and is not a matter of right. State v. Geelan, 80 S.D. 135, 120 N.W.2d 533 (1963).

■ In Washington v. Texas, 388 U. S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the United States Supreme Court held that the Sixth Amendment right of a defendant in a criminal case to have compulsory process to secure witnesses in his behalf applies to a defendant in state criminal actions. However, our research, and apparently that of counsel, has disclosed no decision of the United States Supreme Court or of the Eighth Circuit Court of Appeals which goes so far as to accord a defendant the absolute right to engage expert witnesses of his own choice at public expense to perform examinations and testify at trial.

In fact, the Eighth Circuit Court of Appeals has held that the Sixth Amendment's guaranty of the right to compulsory process "does not necessarily include the payment by the government of the expenses of witnesses. (citations omitted) Accordingly, where government expense is involved, a discretionary standard prevails." Feguer v. United States, 302 F.2d 214, 241 (8th Cir. 1962). We decline to depart from that rule in this instance.

■ In the absence of a constitutional right to the attendance of expert witnesses we cannot say that the trial court abused its discretion in denying defense counsel's request for the psychiatric examination in view of the previous examinations, the availability of state employed psychiatrists, the law regarding intoxication as a defense, and the disagreement among medical experts as to "compulsive" drinking.

■ Petitioner further contends that counsel was unable to render effective assistance to the petitioner in the absence of the psychiatric examination. Having determined that petitioner himself had no constitutional right to the examination in this instance, and that the court did not abuse its discretion in

denying the petitioner's request for psychiatric examination by an expert of his own choice, the court concludes that counsel had no independent right to the examination nor did the denial render counsel's efforts ineffective.

### Admission of Impeaching Testimony

The officers who apprehended petitioner in Madison were informed by police radio that the robbery suspect was believed to be driving a white Mustang with California license plates. After sighting petitioner's auto and following it for several blocks, the officers turned on the red light on the patrol car and petitioner stopped his car. Prior to being given the Miranda warnings, petitioner was asked if he had been in Sioux Falls. He replied that he had gone around the outskirts of Sioux Falls. The money was found in Utsler's pockets and the gun was found in the console compartment of the Mustang at the location where he was first stopped by the police.

In cross examination of petitioner during the trial, the prosecutor asked if he had told the police that he had gone around the outskirts of Sioux Falls and petitioner replied that he had not given that reply. Thereafter, a police officer was called by the state in rebuttal to testify that petitioner had made such a statement.

The trial court in the post-conviction proceedings apparently did not view the questioning as in custody interrogation, but inferred that the use of the statement in impeachment of the petitioner was permissible under the holding in Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). The South Dakota Supreme Court held that the questioning was the type of on-the-scene investigation permitted before the Miranda warnings are required. 171 N.W.2d at 743.

■ We do not feel that petitioner has presented the convincing evidence required to overturn this determination of the South Dakota courts, 28 U.S.C. Sec. 2254(d), but nonetheless concur in the view that the questioning was at this stage investigative. *Cf.* Annot. 31 A.L.R. 3d at 596. Even if we were of the view that the statement was inadmissible, whether in the prosecution's case or in impeachment, the error when viewed in the light of the independent evidence is clearly harmless. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967).

### Identification of Petitioner

A few hours after the robbery, petitioner was placed in a police lineup at Madison with two other men of approximately the same height. When he first viewed the three men in the lineup at a distance of thirty feet, the victim could not identify petitioner as the person who had committed the robbery. He later identified the petitioner at closer range. Petitioner was not provided counsel prior to or at the lineup and contends that the subsequent in-court identification is prejudicial error.

Counsel in this proceeding acknowledge that the holding of the Supreme Court that the lineup is a critical stage at which the accused is entitled to counsel is not retroactive so as to apply in this case. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). He contends, however, that the lineup procedure when viewed in the "totality of the circumstances" was so unfair as to be a denial of due process. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

■ The Court finds that the evidence does not support the contention that the lineup was conducted in such manner as to violate petitioner's constitutional rights under the decisions of the Supreme Court as discussed above. Coleman v. Alabama, 399 U.S. 1, 90 S. Ct. 1999, 26 L.Ed.2d 387 (June 22, 1970).

In accord with the above, the petition for habeas corpus is hereby quashed.

The foregoing memorandum opinion shall constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.