No. 21977.

WAID W. ROWLAND, ET AL. *v*. ROBERT A. THEOBALD.
(409 P.2d 272)

Decided December 27, 1965.

1

RICHARD S. KITCHEN, SR., PETER COSGRIFF, HARRY M. STERLING, for petitioners.

WINNER, BERGE, MARTIN and CAMFIELD, for respondent.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS action, and another entitled Theobald v. The District Court (case No. 21963), involve the same parties and the same issue of law. Each of these cases is before this court as an original proceeding in certiorari. We will confine our detailed statement to the above captioned action which relates to an election contest originally filed in the county court of Summit county. Facts which are pertinent to the question for determination are not in dispute.

On May 4, 1965, an election was held for the purpose of naming a member of the Board of Education from Director District A within Summit School District Re-1 of Summit county, Colorado. Waid W. Rowland and Robert A. Theobald were the only candidates for the office; 483 votes were cast, of which Theobald received 255 and Rowland received 228.

On May 14, 1965, Rowland and the other petitioners commenced an action in the county court by filing a "Statement of Intent to Contest Election" and on that date a summons was issued by the clerk of the county court. A bond was filed and approved. Summons and copy of the Statement of Intention to Contest Election were served upon Theobald. He filed a Motion to Dismiss, in which he asserted that the county court was

without jurisdiction of the subject matter. Other grounds were set forth which are not pertinent to the issue now presented. Following a hearing, the county court determined that it did not have jurisdiction over the subject matter and entered judgment dismissing the action. Rowland, et al. appealed to the district court and, upon hearing, the district court held that the county court had no jurisdiction and the action was dismissed. This appellate proceeding was thereupon commenced under the provisions of R.C.P. Colo. 116(b) and the respondent Theobald has filed his brief in opposition to granting the relief prayed for by the petitioners.

The sole question to be determined in this proceeding is whether the county court of Summit county had jurisdiction to determine the election contest commenced by Rowland.

Article VI of the Constitution of Colorado in its present form was adopted by the people of Colorado in November, 1962. It brought about many substantial changes in the judicial system of the state. In the preamble to the new Article VI it is provided that:

"Article VI of the constitution of the state of Colorado is hereby repealed and the following new article VI enacted in lieu thereof, said repeal and enactment to be effective on the second Tuesday of January, 1965, except that the repeal of sections 10, 16, and 22 of the present article VI and the enactment of sections 8, 11, 14, 15 and 16 of the new Article VI shall become effective immediately."

Section 16, which under the foregoing declaration became effective on November 6, 1962, is in the following language:

"In each county there shall be elected by the electors thereof in the year 1964, and every four years thereafter, one or more judges of the county court as may be provided by law, whose term of office shall be four years, and whose qualifications shall be prescribed by law; except that the number, manner of selection, and

term of office of judges of the county court of the city and county of Denver shall be as provided in the charter and ordinances of the city and county of Denver. County judges shall be qualified electors of their counties at the time of their election or appointment."

Section 17, which did not become effective until January 12, 1965, provides:

"County courts shall have such civil, criminal, and appellate jurisdiction as may be provided by law, provided such courts shall not have jurisdiction of felonies or in civil cases where the boundaries or title to real property shall be in question. Appellate review by the supreme court or the district courts of every final judgment of the county courts shall be as provided by law."

During the 1964 session, the general assembly was charged with the responsibility of effectuating the new judicial article in those areas within which the legislature was given discretion. As shown by Section 17 above quoted, a wide discretion was given to the legislature to determine the jurisdiction of the newly created county courts. In fulfillment of this responsibility the general assembly adopted an act which appears as Chapter 45, Session Laws 1964, at page 409. Section 1 thereof provides:

"Pursuant to the provisions of section 1 of article VI of the Colorado constitution, there is hereby established in each county of the state of Colorado a county court." The jurisdiction of the newly created county courts was defined, and specific exclusions were mentioned in Section 5 as follows:

"(1) The county court shall have no civil jurisdiction except that specifically conferred upon it by law. In particular, it shall have no jurisdiction over the following matters: * * *"

Six classifications of legal matters are thereupon expressly mentioned with reference to which the county court "shall have no jurisdiction." Nothing concerning election disputes is withdrawn from consideration by

the county courts by these expressed exclusions. This act was approved on March 30, 1964, but it was not to become effective until January 12, 1965.

We turn now to a consideration of the statutes relating to school district elections. The 1964 general assembly adopted an act relating to school district directors and elections of members of school boards in school districts, which appears as Chapter 74, Session Laws of 1964, beginning at page 592 thereof. This act was approved on March 26, 1964 — only four days prior to the approval of the act specifically enumerating the powers of the county courts. The school district statute was by express provision made effective on July 1, 1964. Pertinent provisions of this act are as follows:

"(1) The regular biennial school election in each school district having a school enrollment of seventy thousand or less shall be held on the first Tuesday in May of each odd-numbered year."

It is readily apparent that no election contest could arise under this legislation until after July 1, 1964, and that the first election contest which could arise under the act would follow the school election held in May of 1965, at which time the new constitutional provision, and all newly adopted statutes, would be fully operative. Section 27 of the above mentioned school district statute reads as follows:

"Proceedings to contest the election of any person declared duly elected as a member of the board of education of any district in this state may be instituted by any qualified elector of such school district. Such proceedings shall be instituted within ten days after the votes cast at such election are canvassed. *The county court of the county wherein the headquarters of a school district shall be situated shall have jurisdiction in all contests for the office of director of any such school district.* In such cases the rules of practice and procedure in contested elections for county officers shall apply, as far as applicable." (Emphasis supplied.)

██ It is our duty to harmonize these statutory provisions if it can be done by a reasonable interpretation. In *Burton v. City and County of Denver, et al.*, 99 Colo. 207, 61 P.2d 856, we find the following pertinent language:

"* * * But statutes are of equal dignity save. that when in irreconcilable conflict we read into the last a repeal by necessary implication. * * * They must be construed in pari materia and if possible, and we think it is, reconciled. This rule applies with peculiar force to acts passed by the same legislature, and doubly so if approved at the same time. * * *"

See also *State of Colorado v. Irwin Beckman, et al.*, 149 Colo. 54, 368 P.2d 793.

██ We hold that the trial court erred in holding that the county court was without jurisdiction of the subject matter of the election contest initiated by Rowland against Theobald. The judgment is reversed with directions to order the election contest between Rowland and Theobald to proceed to trial upon the merits before the county court of Summit county.