No. 25798

Robert G. Massey v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Matt J. Kikel, one of the District Judges in and for the Tenth Judicial District, State of Colorado

(506 P.2d 128)

Decided February 5, 1973.

Rollie R. Rogers, State Public Defender, J.D. MacFarlane, Chief Deputy, Kenneth Dresner, Deputy, for petitioner.

Carl Parlapiano, District Attorney, Cecil L. Turner, Chief Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In an original proceeding, Robert G. Massey, an indigent defendant, seeks to prohibit the district court from proceeding further without first appointing a psychiatrist of his own choosing to examine him and determine his competency to proceed. Massey has been examined by two court-appointed psychiatrists who have expressed the opinion that he is competent to proceed. The trial court ruled that Massey was not entitled to a further psychiatric examination by the psychiatrist which he selected unless good cause was shown. We issued a rule to show cause and now discharge the rule.

The factual background in this case indicates that the defendant was charged with four separate felonies. In each of the four cases, the defendant entered a plea of not guilty by reason of insanity at the time of the alleged commission of the offense. Psychiatrists were appointed in all four cases to examine the defendant. Although the test for determining competency to proceed is different from that which measures responsibility for criminal conduct, the reports indicate the depth of the doctors' psychiatric evaluation of the defendant's mental condition. At the time the court made the finding, the defendant had been examined by at least four psychiatrists, either in connection with this case or in connection with the other charges that were then pending against him.

This proceeding was initiated after the defendant was convicted of unlawful possession of a dangerous drug. He was convicted on July 12, 1972, and thereafter, on September 11, he asserted that he was incompetent to proceed. C.R.S. 1963, 39-8-110 (Laws 1972, p. 229). In accordance with the statute, the court suspended the proceeding; and after the defendant was examined by psychiatrists and two reports were delivered to the court, the court made a preliminary finding that the defendant was competent to proceed in accordance with the requirements of C.R.S. 1963, 39-8-111 (Laws 1972, p. 229).

On November 8, 1972, Massey filed an additonal motion asking for a competency hearing before a different judge and for the appointment of a psychiatrist of his own choosing. The motion which he filed claimed that the provisions of C.R.S. 1963, 39-8-108 (Laws 1972, p. 229), gave him the absolute right to have a psychiatrist of his own choosing appointed. He made no effort to show that the examinations which had been conducted prior to the time that his motion was filed were either inadequate or unfair. The court held that it had no duty to appoint additional psychiatrists in the absence of a showing of good cause. In justifying the denial of the defendant's motion, the court noted that the psychiatrists had filed reports which reflect the opinion that the defendant was competent to proceed and then took judicial notice of the other psychiatric examinations which had been made in the other criminal cases which were pending against the defendant. The court, however, did grant the defendant's motion to have his competency determined by a different judge.

In this original proceeding, Massey asserts that he has an absolute right to the appointment of a psychiatrist of his own choice. He not only looks to our new Colorado Code of Criminal Procedure for support, but also asserts that a failure to appoint the psychiatrist selected by him would constitute a denial of his constitutional guarantee of due process and equal protection of the laws. The new Colorado Code of Criminal Procedure (Laws 1972, p. 190) outlines the manner in which a competency hearing should be conducted and the rights that are afforded to a defendant in the following sections which are pertinent to this case:

"39-8-106. *Examinations and report.* (1) All examinations ordered by the court in criminal cases shall be accomplished by committing the defendant to the Colorado psychiatric hospital in Denver, the state hospital at Pueblo, the place where he is in custody, or such other public institution as may be designated by the court. The defendant shall be observed and examined by physicians who are specialists in nervous and mental diseases during such period as the court

shall direct. For good cause shown, upon motion of the prosecution or defendant, or upon the court's own motion, the court may order such further or other examination, including services of psychologists, as may be advisable under the circumstances.

\* \* \*

"39-8-108. *Examination at instance of defendant.* (1) If the defendant wishes to be examined by a psychiatrist, psychologist, or other expert of his own choice in connection with any proceeding under this article, the court, upon timely motion, shall order that the examiner chosen by the defendant be given reasonable opportunity to conduct such examination.

"(2) A copy of any report of examination of the defendant made at the instance of the defense, containing information concerning which the defense intends to introduce evidence or testimony, shall be furnished to the prosecution a reasonable time in advance of trial.

\* \* \*

"39-8-111. *Determination of incompetency to proceed.* (1) Whenever the question of a defendant's incompetency to proceed is raised, the court shall make a preliminary finding either that the defendant is competent to proceed or that he is not. If the court feels that the information available to it is inadequate for making such finding, it may order a competency examination or such other investigation as he may deem advisable . . . .

\* \* \*

"39-8-119. *Counsel and physicians for indigent defendants.* In all proceedings under this article, upon motion of the defendant and proof that he is indigent and without funds to employ physicians, psychologists, or attorneys to which he is entitled under this article, the court shall appoint such physicians, psychologists, or attorneys for him at state expense."

The provisions of C.R.S. 1963, 39-8-108 (Laws 1972, p. 229), and C.R.S. 1963, 39-8-119 (Laws 1972, p. 232), are the basis of Massey's argument. The defendant

grounds his argument on the wording of Sections 108 and 119. He claims that the former section entitles him to choose a psychiatrist and that the latter section requires the state to pay the bill. The trial court, in denying the defendant's motion, held that these sections must be read together with Section 106. Under the provisions of C.R.S. 1963, 39-8-106 (Laws 1972, p. 226), once a defendant has been examined by specialists in the field of nervous and mental diseases, the court may require good cause to be shown before ordering further psychiatric examination. The trial court properly construed the applicable sections of the statute.

■ It is a basic rule that a statute should be construed as a whole so as to give "consistent, harmonious, and sensible effect to all its parts." *Tobin v. Weed,* 158 Colo. 430, 407 P.2d 350 (1965); *Breternitz v. Arvada,* 174 Colo. 56, 482 P.2d 955 (1971).

If we were to give Sections 108 and 119 the meaning which the defendant has asserted, we would be giving no effect to Section 106. Moreover, we cannot accept the defendant's reading of Section 108. In our judgment, Section 108 is concerned with insuring that defendant will be available for examination by the psychiatric experts which he obtains. Section 108 guarantees that when a defendant obtains an expert that expert will not be denied a reasonable opportunity to conduct an examination. However, Section 108 does not guarantee that the expert selected by an indigent defendant will in all cases be provided without cost to him.

■ Section 119 sets out the court's obligation to appoint experts. Under the provisions of Section 119, an indigent defendant is given the right to have the state pay for those experts to which he is entitled under law, but not to have the state pay for a particular expert which he might select or desire. Section 106 was intended to deal with the situation that arises after an examination or examinations have been made and an additional examination is sought. The purpose behind Section 106 was to cause the trial court, in the exercise of judicial discretion, to determine whether good

cause has been shown or exists for the appointment of additional experts.

    ■ Apart from the statute, Massey contends that he is constitutionally entitled to the appointment of a psychiatrist of his own choosing. He asserts that the selection of such a psychiatrist is necessary to assure due process in an adversary hearing and that the failure to make such an appointment would constitute invidious discrimination. Massey, in asserting his constitutional claims, misconstrues the function which a psychiatric expert is to fill at a competency hearing. Chief Justice Burger, while still on the Circuit Court, in answering a similar claim in *Proctor v. Harris,* 413 F.2d 383 (D.C. Cir. 1969), said:

"From Appellant's posture, no psychiatrist can really 'assist' him adequately unless he agrees with Appellant's position. Stripped of its verbiage Appellant's position is that he is entitled to a psychiatrist sufficiently sympathetic so that he will assist counsel in preparing his case favorably to his claims, and, accordingly, in structuring cross-examination of the hospital doctors so as to neutralize their testimony. Neither sound administration, basic fairness, nor constitutional standards require such a course."

A court-appointed medical expert who expresses his professional opinion in a trial is not a partisan, but is, in effect, the court's witness. *United States ex rel. Dessus v. Commonwealth of Pennsylvania,* 452 F.2d 557 (3d Cir. 1971); *Proctor v. Harris, supra; McGarty v. O'Brien,* 188 F.2d 151 (1st Cir. 1951). *See also, American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and the Defense Function, The Prosecution Function,* § 3.3, and *The Defense Function,* § 4.4.

    ■ We also are not persuaded that Massey, who was indigent, was denied equal protection because a rich defendant could hire a psychiatrist of how own choosing. Fundamental fairness is not in issue, and the tests which have been suggested by Massey find no recognition in our case law. The analogous right of an indigent defendant to have court-appointed counsel does not include the privilege to select a

particular lawyer. *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972); *Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971).

When the court appointed two independent psychiatrists to examine Massey, the requirements of due process, equal protection, and fundamental fairness were met. *Dolan v. People,* 168 Colo. 19, 449 P.2d 828 (1969); *United States ex rel. Dessus v. Commonwealth of Pennsylvania, supra; Proctor v. Harris, supra; McGarty v. O'Brien, supra; Utsler v. Erickson,* 315 F.Supp. 480 (D.S.D. 1970), *aff'd.* 440 F.2d 140 (8th Cir. 1971); *State v. Dillon,* 93 Idaho 698, 471 P.2d 553 (1970); *State v. Terry,* 472 S.W.2d 426 (Mo. 1971); *Commonwealth v. Phelan,* 427 Pa. 265, 234 A.2d 540 (1967). *See also, People v. Watson,* 36 Ill.2d 228, 221 N.E.2d 645 (1966). *Cf. Jacobs v. United States,* 350 F.2d 571 (4th Cir. 1965), where Jacobs, the defendant, was not given a full psychiatric evaluation and was seeking one.

Accordingly, we discharge the rule.