H. A. Christensen Executive Secretary Colorado Racing Commission 220 State Office Building Denver, Colorado 80203
Dear Mr. Christensen:
This is written in response to your request for my interpretation of two portions of recently enacted House Bill No. 1519.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether pursuant to C.R.S. 1973, 12-60-119, which creates the "Horse Breeders Award and Supplemental Purse Fund," proceeds derived from unclaimed parimutuel tickets from racing of animals other than horses shall be applied towards this fund?
My conclusion is "no."
2. Whether the Racing Commission has the authority to appoint members to the advisory committee established by C.R.S. 1973, 12-60-119(3)?
My conclusion is "yes."
ANALYSIS
It is my opinion that only the proceeds derived from unclaimed parimutuel tickets from horse race meets be applied towards the horse breeders award and supplemental purse fund. Paragraph 2(a) of section 12-60-119, C.R.S. 1973 refers back specifically to paragraphs 2(a) and 2(b) of section 12-60-109, C.R.S. 1973. Both of these two paragraphs deal with receipts derived solely from the racing of horses. Subsection (1) of section 12-60-109, on the other hand, involves receipts derived from the racing of animals other than horses, and no reference to this subsection is contained anywhere in section 12-60-119.
Also section 12-60-119 is titled "Creation of horse breeders award andsupplemental purse fund — awards — advisory committee." The names of no other racing animals appear in this title. The purpose of this new law is set forth in subsection (1) of 12-60-119 in relevant part as follows, "In order to promote and improve the quality of race horse breeding and racing in Colorado, there is hereby created a fund to be known as the `horse breeders award and supplemental purse fund' . . . ." Again, no reference to racing animals other than horses is made. In construing a statute the title of an act may be looked to in seeking the legislative intent, and the preamble as well.Western Lumber Pole Co. v. City ofGolden, 23 Colo. App. 461, 130 P. 1027, Dekelt v. People, 44 Colo. 525,99 P. 330.
A statute should be construed so as to give consistent, harmonious, and sensible effect to all its parts.Massey v. District Court, 180 Colo. 359,506 P.2d 128. It is my opinion that this new legislative enactment when construed in light of the rest of Article 60 of Title 12, C.R.S., 1973, mandates that only the proceeds from unclaimed tickets from horse race meets be applied toward the horse breeders award and purse fund.
While subsection 12-60-119(3), C.R.S. 1973 does not specifically state who is to make the regular appointments to the advisory committee, it is my opinion that the Colorado Racing Commission has the authority and responsibility to make these appointments, within the guidelines imposed by the Legislature as to number of members and composition of the committee.
The committee created by this new statute is only advisory to the Commission itself. In my opinion there is an inherent right for an agency such as the Racing Commission to appoint a purely advisory committee. Also the statute itself expressly provides that the Commission is to fill vacancies when they occur. A statute should be given construction which will render it effective in accomplishing the purposes for which it was enacted. In re Questions Submitted by United States Dist. Court,179 Colo. 270, 499 P.2d 1169. In my opinion, to effectuate the purposes of this statute the Racing Commission should make the appointments to this advisory committee.
SUMMARY
To briefly summarize my opinion, proceeds derived from unclaimed parimutuel tickets from racing only of horses may be applied towards the "Horse Breeders Award and Supplemental Purse Fund." The members of the Racing Commission have the authority to appoint members to the advisory committee for this fund.(Note: C.R.S. 1973, 12-60-119 (1978 Replacement Vol.) specifically names the Commission as having the authority to make appointments to this advisory committee.)

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
RACING, HORSE
GAMBLING
PROPERTY, UNCLAIMED
APPOINTMENT

C.R.S. 1973, 12-60-119 C.R.S. 1973, 12-60-109
REGULATORY AGENCIES, DEPT. Racing Events, Div. of
Only unclaimed parimutuel tickets from horse race meets may be applied towards the "horse breeders award and supplemental purse fund." The Colorado Racing Commission has the authority to appoint members to the advisory committee of this fund.