Mr. Bill Marshall The State Historical Society of Colorado Colorado State Museum 200 East 14th Avenue Denver, Colorado 80203
Dear Mr. Marshall:
QUESTION PRESENTED AND CONCLUSION
After receiving an initial opinion from this office, you have inquired regarding the propriety of the inclusion of the position of state archaeologist within the State Personnel System.
 After considerable analysis, I have determined that the position is in fact exempt from the State Personnel System.
ANALYSIS
The statutory language relevant to the appointment of the state archaeologist reads as follows:
 The board of directors of the society (the "society" being the State Historical Society, an educational institution of the State of Colorado, within which the state archaeologist is a "section") is hereby authorized to and shall appoint a state archaeologist pursuant to the provisions of section 13 of article XII of the state constitution.
C.R.S. 1973, 24-80-404 (bracketed material added).
Article XII, section 13 of the Colorado constitution establishes a State Personnel System based on appointment according to merit and fitness, to be ascertained by competitive tests of competence. This system, according to the constitution, comprises all appointive public officers and employees of the State, with the exception of certain enumerated types of State employees, including "faculty members of educational institutions and departments not reformatory or charitable in character, and such administrators thereof as may be exempt by law." Hence, the statutory reference to the appointment of the state archaeologist pursuant to the provisions of section 13 of article XII of the constitution creates an ambiguity. On the one hand, the statute may be read to mean that all the provisions of the relevant constitutional section are to be considered in making the appointment, including a consideration of whether the position is exempt; the statute may, on the other hand, be interpreted to mean that the appointment must be made in accordance with the procedures prescribed for personnel system appointments.
The former interpretation seems the more comprehensive as a matter of logic and statutory construction; the latter interpretation finds support in prior use by the legislature of similar language which has been interpreted to establish positions within the personnel system. In an April 3, 1975 informal letter, Lou Kelley, Assistant Attorney General, concluded that the position of state archaeologist was properly included within the State Personnel System. That opinion was based on an analogy to the statutes creating the positions of assistant state solicitors, the director of the Colorado Bureau of Investigation, and state director of housing, which contain similar language. The positions created by those statutes have actually been filled through the State Personnel System. Yet, the historical pattern of use of such language by the legislature and the filling of other positions through the State Personnel System is not dispositive, since compelling reasons for a different result arise in this particular case.
First, there is nothing in the statutes referred to in the Kelley letter which suggests, as the law herein discussed does, that the positions created there are constitutionally exempt. Second, the legislative history of the instant statute suggests that the language referring to article XII, section 13 appears here because the legislature, by oversight, failed to remove it rather than because the legislature intended to include it. The language first appeared in a bill, H.B. 1187, which would have created a division of archaeology within the department of natural resources. This bill was assigned to the Natural Resources Committee but was postponed indefinitely. Meanwhile, after discussion between archaeologists, the State Historical Society, and the Natural Resources Committee, a different version of the bill, H.B. 1569, placing the office of the state archaeologist as a section within the State Historical Society, was reported out of the committee and passed by the legislature. Clearly, the legislature thought better of the original placement and substantially altered the bill to assign the office of the educational institution to which it closely related. However, while the legislature created this substantive change, it apparently overlooked the housekeeping change of removing the reference to article XII, section 13. For, having rewritten the bill and relocated the office in an educational agency, the legislature nonetheless passed a bill containing appointment language previously used to create State Personnel System positions in non-educational agencies.
As the bill was originally written, the inclusion of such language was wholly consistent with similar usage in prior bills. Given the subsequent substantive legislative changes, however, to view inclusion of this language as intentional renders the bill as a whole inconsistent.
Where, as here, the very nature of the position created suggests an exempt classification, to assume that the appointment language refers to State Personnel System procedures potentially brings different provisions of the same statute into conflict — the statute on the one hand apparently creates an exempt position and, on the other, provides that the position is to be filled with State Personnel System procedures. Such an interpretation belies a rational legislative intent; the more likely interpretation, therefore, is that the legislature inadvertently failed to remove that language. If the statute can be construed as a whole to create a more harmonious effect, well-settled rules of statutory construction require that such an interpretation be adopted. Massey v. District Court In and ForTenth Judicial Dist., 180 Colo. 359, 506 P.2d 128 (1973);Rowland v. Theobald, 159 Colo. 1, 409 P.2d 272 (1965). Hence, in this case, analogy to prior use of similar language does not end the analysis; instead, an evaluation of the nature of the position created must be made.
Turning, then, to a consideration of whether the statute creates a position which is within a constitutionally exempt category, first noted is the fact that the statute establishes the position as a section of an educational institution, the State Historical Society. See C.R.S. 1973, 24-80-403 re: placing of office of state archaeologist, and 24-80-201 re: definition of the State Historical Society as an educational institution. Under the provisions of article XII, section 13 of the constitution, therefore, the position is potentially within the "educational institution and department" exemption. The State Historical Society, under the instant statute, has direct responsibility for administering the statute and supervising the state archaeologist. C.R.S. 1973, 24-80-402. Furthermore, the legislation creating the State Historical Society specifies that:
 (A)ll officers, curators, assistant curators, and teachers of the society, so designated by the board of directors, are . . . declared, as a matter of legislative determination, to be officers and teachers in an educational institution and therefore not under the state personnel system.
C.R.S. 1973, 24-80-204. To the extent that the head of the office of the state archaeologist, directly appointed and supervised by the society, might be construed to be an "officer" of the society, exemption of the position finds express support in the parent institution's enabling legislation.
Second, the constitutional reference to "administrators exempt by law" is critical since a provision of the State Personnel System legislation expressly exempts, inter alia, "heads of administrative units directly responsible to officers of an educational institution" and"heads of administrative units . . . who relate directly to the educational function of an educational institution and whose qualifications include training and experience comparable to that required for a faculty member." See C.R.S. 1973, 24-50-135. In view of the instant statute's provisions concerning required qualifications of the state archaeologist and the office's close administrative relationship to an educational institution, the State Personnel System legislation itself provides a statutory basis for exemption of the position.
Finally, the statutorily-enumerated duties of the position appear to be fully consonant with the educational nature and status of the parent educational institution, see C.R.S. 1973, 24-80-405, and the state archaeologist is expressly required to closely coordinate his activities with the other activities of the society. See C.R.S. 1973, 24-80-404.
Similarity of function to other educationally-exempt positions can be the basis for a finding of exemption. SeeBoard of Education v. Spurlin, 141 Colo. 508, 349 P.2d 357
(1960) (finding that officials of department of education, though not at work in classrooms, are exempt as functionally similar to active teachers).
Given the legislative placement of the office of the state archaeologist within an educational institution, the qualifications for and the nature of the duties of the office, and the extensive administrative integration of the position with the activities of the appointing educational institution, the statute thus appears to create a position exempt by law from the State Personnel System.
Though the better practice would be for the legislature expressly to provide that a particular position is exempt, the absence of such language does not necessarily bar a finding of exemption under the constitution. The constitution merely specifies that a position such as the one under consideration is exempt if exempt by law; presumably, such an exemption may be express or implied. Given the legislative history discussed above, there is no reason not to imply such an exemption in this case.
SUMMARY
In view of all of the foregoing factors, it is my opinion that, in this case, the statutory language should be interpreted as creating a constitutionally exempt administrative position within an educational institution.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATIONAL INSTITUTIONS PUBLIC OFFICERS
C.R.S. 1973, 24-80-402
C.R.S. 1973, 24-80-403
C.R.S. 1973, 24-80-404
C.R.S. 1973, 24-80-405
C.R.S. 1973, 24-80-201
C.R.S. 1973, 24-80-204
C.R.S. 1973, 24-50-135
Colo. Const. art. XII, § 13
HIGHER EDUCATION, DEPT. OF St Historical Soc of Colo
The position of state archaeologist is an administrative position within an educational institution and thus exempt from the state personnel system by constitution and statute.