Paula Herzmark Executive Director Department of Local Affairs Camp George West 1500 Golden Road Golden, Colorado 80401
Dear Ms. Herzmark:
This opinion letter is in response to your letter, received by this office on July 19, 1981 in which you inquired as to whether or not the Colorado Law Enforcement Training Academy (hereinafter referred to as C.L.E. T.A.) may legally provide instruction other than basic certification training to peace officers.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents one question:
1. Whether C.L.E. T.A. may legally provide instruction other than basic certification training of peace officers in the State of Colorado?
 My conclusion is "yes." It is my opinion that C.L.E. T.A. may provide personnel of law enforcement agencies with instruction other than basic certification training without violating any state statute.
ANALYSIS
A reading of part six of title 24, article 32 in its entirety does not manifest any legislative intent to restrict the functions of C.L.E. T.A. exclusively to those of providing only basic training for peace officers seeking to fulfill their certification requirement.
C.R.S. 1973, as amended, 24-32-603 defines "certification" as "the issuance to a peace officer or an applicant for appointment as a peace officer, by the advisory board to the Colorado law enforcement training academy, of a signed instrument evidencing satisfaction by such peace officer or applicant of the requirements imposed by this part six and by said board." However, part six of article 32, title 24 is devoid of any other language expressly limiting the function of C.L.E. T.A. to the certification process alone. C.R.S. 1973, 24-32-605(1)(a) does limit the authority of the C.L.E. T.A. advisory board to establish standards for peace officer training to only those standards necessary for certification requirements. In other words, the advisory board is not given authority to establish standards for any training other than the basic training necessary for certification. However, this certainly does not preclude C.L.E. T.A. from offering other more advanced forms of training to other peace officers who have completed their certification process.
In fact, the statutes set forth in part six, article 32, title 24 when read together indicate that C.L.E. T.A. may provide training beyond that required by the advisory board for basic certification. It is appropriate to interpret this part 6 in its entirety and to give consistent, harmonious and sensible effect to each of its parts. Massey v. District Court,180 Colo. 359, 506 P.2d 128, (1973).
C.R.S. 1973, 24-32-609 states that the superintendent of C.L.E. T.A. has the power:
 a) To coordinate training at the Colorado law enforcement training academy to meet the needs of the Colorado state patrol and other agencies which may use this facility as the primary training academy;
 b) To establish standards and adopt rules and regulations concerning the admission and training of such law enforcement personnel;
 c) To enter into contracts on behalf of the academy relative to matters necessary for the proper and efficient administration and operation thereof including contracts with other state agencies and institutions and with political subdivisions of this state;
 d) To receive and authorize the expenditure of funds for and on behalf of the academy; and to receive gifts, legacies, and grants of moneys for educational purposes and distribute the same to or on behalf of trainees needing financial assistance as determined by the board;
 e) To employ such teachers and instructors upon such terms and conditions as may be necessary for the efficient operation of such academy;
 f) Subject to section 13 of article 12 of the state constitution, to employ such other administrative, clerical, and service employees as may be necessary in noneducational positions;
 g) To submit annually to the general assembly a brief resume of the prior year's activities of the academy.
This section manifests a legislative intent to grant broad powers to the superintendent to provide for the overall training needs of the Colorado State Patrol and other law enforcement agencies of this state, not merely needs which are limited to basic certification for new officers. Nowhere does this section limit the powers of the superintendent to that of providing only basic certification training.
C.R.S. 1973, as amended, 24-32-606(3) states as follows:
 The basic classification as established shall serve as a guideline for the hiring or retention of all peace officers. Certification reflecting a higher level of proficiency than the basic classification shall not be a condition precedent to the hiring, retention or a promotion of any peace officer. However, higher classes of certification may, at the discretion of the employing agency, be required in hiring, retaining or promoting peace officers.
C.R.S. 1973, 24-32-609(1)(a) provides that C.L.E. T.A. shall be the primary training academy for the state patrol and other agencies which may utilize C.L.E. T.A. Since 24-32-606(3) permits those agencies to require higher classes of certification in order to hire, retain, or promote peace officer, it is logically consistent that C.L.E. T.A. should be legally able to provide the training by which officers may achieve higher classes of certification in order to be hired, retained, or promoted by the agencies requiring such higher standards.
Further, 24-32-609(1)(d) permits the superintendent to receive gifts, legacies, and grants of money for "educational purposes." The use of the term "educational purposes" permits such grants, gifts, and legacies to be utilized for purposes other than basic certification. This subsection does not limit the acceptance of grants, gifts, or legacies exclusively to those intended to facilitate only basic certification training. Nothing statutorily prohibits the receiving of grants, gifts, or legacies intended to facilitate advanced or post certification training. This is totally consistent with the description of C.L.E. T.A. as an "educational institution of this state" by C.R.S. 1973, 24-32-611.
Traditionally, "educational institutions" have been viewed as having a relatively broad and varied purpose. They are expected to provide instruction on a wide range of topics and are not limited to some single, specific purpose; institutions providing highly specialized training for one limited purpose are not considered educational institutions. South DakotaHairstyling v. Minnehaha County, 88 S.C. 682, 227 N.W.2d 431
(1975). The term "educational" is very comprehensive; it comprehends the acquisition of all knowledge tending to develop and train the individual physically and ethically as well as mentally. In re Petty, 41 N.W.2d 392 (W.Va. 1938);Wysong v. Walden, 52 S.E.2d 392 (W.Va. 1938);Kaplan v. School District of Philadelphia,113 A.2d 164, 178 Pa. Super. 88; Hooker v. Parker,357 S.W.2d 534, 235 Ark. 218 (1962). The term "educational institution of the state" also connotes a state university or college. See People v. Stanley, 81 Colo. 276,255 P. 610 (1927). Such institutions traditionally have broad and comprehensive curriculums. Further the state constitution permits educational institutions of this state to conduct a wide variety of extra-curricular educational activities including activities conducted beyond the physical confines of the institutions themselves. Colorado Constitution, art. VIII, section 5. If it were the intent of the legislature to legally limit the function of C.L.E. T.A. to that of providing only a basic certification curriculum, it would not have defined the academy as an "educational institution."
C.R.S. 1973, 24-32-612 permits local law enforcement agencies to send not only officers but also non-commissioned employees to C.L.E. T.A. for training. These employees could be persons employed by the agencies in capacities for which certification is not required. If C.L.E. T.A. may train such non-commissioned employees who are not entitled to achieve or retain certified status, clearly it may provide training other than basic certification training.
C.R.S. 24-32-610 provides that local law enforcement agencies will be reimbursed for all expenses related to certification training. C.R.S. 1973, 24-32-612 enables local agencies to expend monies for salaries, fees and expenses of officers and employees attending C.L.E. T.A. Logically, section 24-32-612 would be superfluous if C.L.E. T.A. was only to provide certification training of peace officers for which local agencies were entitled to reimbursement under section 24-32-610.
SUMMARY
C.L.E. T.A. may legally provide other supplemental training in addition to the instruction necessary for the certification of peace officers in Colorado.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATIONAL INSTITUTIONS PEACE OFFICERS POLICE TRAINING PROGRAMS
C.R.S. 1973, 24-32-603, as amended C.R.S. 1973, 24-32-605 C.R.S. 1973, 24-32-609 C.R.S. 1973, 24-32-606 C.R.S. 1973, 24-32-610 C.R.S. 1973, 24-32-612 C.R.S. 1973, 24-32-611
Colo. Const. art. VIII, § 5
LOCAL AFFAIRS, DEPT. OF Colo Law Enfrcmnt Tng Acad
The Colorado Law Enforcement Training Academy may legally deliver training other than basic certification training.