The PEOPLE of the State of Colorado In the Interest of M.C.L., Child.

Upon the Petition of P.L., Petitioner-Appellant, and concerning D.B.W., Respondent-Appellee.

No. 83CA0278.

Colorado Court of Appeals, Division 2.

Sept. 29, 1983.

Hammer & Walsh, Arthur B. Walsh, Englewood, for petitioner-appellant.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Darryl L. Farrington, Englewood, for respondent-appellee.

KELLY, Judge.

In this paternity action, P.L., the mother, appeals from the order of the trial court refusing to review the findings and recommendations of the commissioner in juvenile court because she failed to file a request for review within five days after the conclusion of the hearing as required under § 19–1–110, C.R.S.1973 (1982 Cum.Supp.). We set aside the order.

After it was established in the paternity proceeding that D.B.W. was the father of

M.C.L., a hearing concerning the issue of support was held before a commissioner on September 28, 1982. At the beginning of the hearing, the commissioner advised the parties that if they were unhappy with the commissioner's orders they had a right to appeal to the district court, but must do so in writing within five days of the September 28 hearing. At the conclusion of the hearing, the commissioner made numerous findings, including that D.B.W. was to pay $275 a month support for M.C.L., and directed mother's attorney to prepare a written order.

Mother filed a request for review on October 6, 1982, contending that the amount of support ordered was inadequate. The commissioner signed the written order on October 12, 1982. On October 27, 1982, the district court denied mother's request for review because it was not filed within five days after the conclusion of the September 28 hearing.

On appeal, the mother argues that the rules of juvenile procedure and the applicable statutes are silent as to the effect of a direction from the court or commissioner to counsel to prepare an order, and the rules of civil procedure, therefore, are applicable. *See* C.R.J.P. 1. She further argues that C.R.C.P. 58(a)(3), under which a judgment is not effective until the written order prepared by counsel is signed by the court, rendered her request for review timely. We agree.

■ Under the statutory scheme in Colorado, juvenile proceedings are governed by the procedural rules contained in the Colorado Children's Code. *See* § 19–1–107(1), C.R.S.1973 (1978 Repl.Vol. 8); C.R.C.P. 1. The applicable statutory section is, therefore, § 19–1–110, C.R.S.1973 (1982 Cum. Supp.).

■ The pertinent provisions of § 19–1–110, C.R.S.1973 (1982 Cum.Supp.) provide:

"(4) At the conclusion of a hearing, the commissioner shall:

(a) Transmit promptly to the juvenile judge all papers relating to the case together with his findings and recommendations in writing;

(b) Advise the parties before him of his findings and recommendations; and

(c) Advise the parties of their right to review....

. . . .

(5) A request for review shall be filed within five days after the conclusion of the hearing and shall clearly set forth the grounds relied upon. Such review shall be solely upon the record of the hearing before the commissioner and shall be reviewable upon the grounds set forth in rule 59 of the Colorado rules of civil procedure. If review is not requested, the findings and recommendations of the commissioner shall become the decree of the court."

The commissioner is required, by section 4(a), to prepare written findings and recommendations, while section 4(b) appears to require the commissioner orally to advise the parties of his findings and recommendations at the conclusion of the taking of testimony at the hearing, *i.e.*, before the written "order" is prepared. However, where a written order is required, there is no effective order until the written order is signed, and it is the written findings and recommendations which are binding and constitute the decision of the commissioner, not the oral findings made pursuant to section 4(b). *Cf.* C.R.C.P. 58; *Sayat Nova, Inc. v. District Court,* 619 P.2d 764 (Colo.1980); *Joslin Dry Goods Co. v. Villa Italia, Ltd.,* 35 Colo.App. 252, 539 P.2d 137 (1975), *aff'd on other grounds after remand,* 541 P.2d 118 (Colo.App.1975) (not selected for official publication).

■ Until a binding, written, effective "order" is entered by the commissioner, a party seeking review cannot realistically comply with the language of § 19–1–110(5). Accordingly, construing §§ 19–1–110(4) and (5), C.R.S.1973 (1982 Cum.Supp.), as a whole so as to give "consistent, harmonious, and sensible effect to all its parts," *Massey v. District Court,* 180 Colo. 359, 506 P.2d 128 (1973), we hold that for purposes of § 19–1–

110(5) the "conclusion of the hearing" does not occur until the commissioner signs the written findings and recommendations, and transmits them to the juvenile judge by filing in the office of the clerk. The five-day period within which to file a request for review does not commence running until the filing date.

Here, mother's request for review was filed on October 6, 1982, before the commissioner signed the written findings and recommendations on October 12, 1982. Her request for review was premature at most, and timely at least, and the district court erred in denying that request.

Accordingly, the court's order is set aside and the cause is remanded to the district court for consideration of the merits of the request for review.

SMITH and VAN CISE, JJ., concur.