The **PEOPLE** of the State of Colorado, Appellant,

In the Interest of M.V., a Minor Child,

v.

**ADAMS COUNTY SCHOOL DISTRICT NO. 50, Appellee.**

**No. 85CA0966.**

Colorado Court of Appeals,
Div. I.

Aug. 14, 1986.

Rehearing Denied Sept. 11, 1986.

Certiorari Denied (People) Feb. 23, 1987.

---

Kathleen A. Wheeler, Rebecca Parker, Asst. Co. Attys., Commerce City, for appellant.

Semple & Jackson, Martin Semple, James N. Stamper, Denver, for appellee.

ENOCH, Chief Judge.

Adams County Department of Social Services (social services) appeals the trial court's order assessing excess educational costs against it and reversing a previous order assessing those costs against Adams County School District No. 50 (the district). We affirm.

On April 7, 1983, the district court ordered that the probation of M.V., a minor child, be revoked, gave social services legal custody, and agreed to the recommendation of the probation department to place M.V. at Griffith Center, a residential child care facility. Adams County School District No. 50, the district of residence, did not receive any notification of M.V.'s placement.

On June 24, 1983, the court was notified by social services that placement had not yet occurred because Griffith Center would not accept M.V. until the district signed a contract guaranteeing it would pay his excess educational costs. A hearing was set to resolve the question of liability for those costs.

At the July 5, 1983, hearing, representatives of the county attorney's office, Griffith Center, the probation department, social services, and the district were present. The juvenile commissioner entered a minute order reiterating that M.V. be placed at Griffith Center and assessing excess educational costs against the district. Counsel for the district requested a reviewable written order specifically setting forth the circumstances of M.V.'s placement and the district's liability for payment of excess costs, and the commissioner agreed to provide for all those present a detailed written order. Although the record shows that the minute order was entered on July 5th, no detailed written order was subsequently entered or delivered to the school district. In January of 1984, on the basis of the minute order alone, the district received from Griffith Center a copy of the minute order and a bill for the costs, but the district did not pay the bill.

On October 29, 1984, the trial court ordered the district to show cause why judgment should not be entered against it for the amount of excess costs. After a hear-

ing and consideration of the parties' briefs, the court ruled that, because the district had not participated in the placement decision, and had received no notice of either the April or July order as required by § 22–20–108(8), C.R.S. (1985 Cum.Supp.), the order assessing excess costs against the district would be reversed. The court further ordered social services to pay the costs.

## I. Timeliness of Request for Review

■ On appeal, social services contends that the court erred in reversing the previous order by the juvenile commissioner imposing liability for excess costs on the district because the district did not timely file for review within the time limits specified by either the Exceptional Children's Educational Act (ECEA), § 22–20–101, et seq., C.R.S., or the Colorado Children's Code, § 19–1–101, et seq. C.R.S. (1978 Repl.Vol. 8). Resolution of that issue is not necessary because we conclude that, under either act, the district's request for review was timely filed.

Here, the commissioner assured the district during the July 5th hearing that, in order to enumerate the rulings upon which an appeal might be based, he would prepare a detailed written order explaining what the recommendations for placement were, how placement was made, the district's obligations as to payment for excess costs, and why it was not contacted in April. However, despite the commissioner's assurance, he did not prepare the promised written order setting forth the district's specific responsibilities concerning M.V.'s placement.

The commissioner's failure to prepare a detailed written order as promised excuses any delay by the district in requesting review under either the ECEA or the Children's Code. Cf. *People in Interest of M.C.L.*, 671 P.2d 1339 (Colo.App.1983) In that case we held that under § 19–1–110(4) and (5), C.R.S. (1982 Cum.Supp.), the commissioner must prepare a written order and, until that order is signed and filed

with the juvenile judge, a party seeking review cannot realistically comply with the five-day period within which to file a request for review under the Children's Code.

The district could not be expected to request review within the specific periods of time set forth in either act because it properly assumed that a detailed written order would be entered which would be the basis for a petition for review and, until it was received, the time for filing for review would not begin to run. Accordingly, the district's request for review six months after the July 5th hearing was timely filed.

## II. Liability for Excess Costs

■ Social services next contends that, even if the district's request for review were timely filed, the trial court erred in applying the notice provision of § 22–20–108(8), C.R.S. (1985 Cum.Supp.) because that section, requiring that the appropriate district be given notice whenever a child is placed without its written approval, was not in effect when placement was made on April 7, 1983, and application of that statutory provision to this case would thus be unconstitutionally retroactive.

We agree with the court that the district should not be held liable for the excess costs of M.V.'s placement, but for a different reason than that ruled to be determinative by the court. We do not decide the issue, as the trial court did, whether the notice provision of § 22–20–108(8), C.R.S. (1985 Cum.Supp.) is applicable here. Rather, we conclude that the district was entitled to notice of the April placement irrespective of that statutory amendment, and inasmuch as it did not receive such notice, it cannot be held liable for the excess costs.

Section 22–50–104(3)(b)(II), C.R.S. (1985 Cum.Supp.) of the Public School Finance Act of 1973 provides:

"Any court of record, the department of social services, or any other agency authorized to place a child in a residential child care facility *shall notify* the school district of residence of such child, the

district in which the child will receive educational services, and the department of education of such placement within 15 days of the placement." (emphasis added)

The clear import of this language is that governmental entities which might have a financial or other interest in learning of a child's placement are entitled to be notified of the fact and circumstances of such placement by the court or agency which finally places the child. Because this statute is unequivocal and requires that the district be given notice of M.V.'s placement in the Griffith Center, we hold that the district should not be held financially responsible for the excess costs resulting from a placement of which it had no notice. Accordingly, we affirm the court's order assessing the excess costs for M.V.'s placement on social services.

Order affirmed.

SMITH and VAN CISE, JJ., concur.