The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Dr. Thomas D. BURLEIGH, Jr.,
Defendant-Appellant.

No. 85CA1505.

Colorado Court of Appeals,
Div. I.

Sept. 11, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Massaro & Nugent, Nicholas R. Massaro, Jr., Grand Junction, for defendant-appellant.

PIERCE, Judge.

Defendant, Dr. Thomas D. Burleigh, Jr., appeals from his sentence to probation which included a condition that defendant make a $5,000 charitable contribution. We affirm.

Defendant pled guilty and was convicted of unlawful dispensing of a controlled substance not in the course of a professional practice pursuant to §§ 12–22–310, 12–22–314, C.R.S. (1985 Repl.Vol.5) and § 18–18–105, C.R.S. (1976 Repl. Vol. 8). Defendant's plea was in accordance with a plea agreement in which the district attorney agreed to dismiss other counts and to recommend probation. The presentencing report also recommended probation coupled with some incarceration and a requirement that defendant make a significant financial contribution to one of Mesa county's drug treatment programs.

After taking into consideration the nature of defendant's offense, his lack of a prior record, his age, the potential threat to the community, and promotion of deterrence as well as rehabilitation, the trial court imposed probation under § 16–11–204, C.R.S. (1978 Repl.Vol. 8), conditioned upon 90 days in jail, and payment of $5,000 as fine or charitable donation payable to a specified mental health center or to a comparable health institution that conducts drug treatment programs.

The sole issue on appeal is the propriety of requiring defendant to make a charitable contribution as a condition of probation.

In its order responding to defendant's motion for new trial, the trial court stated that a requirement for a $5,000 donation was an alternative to imposing work release or some other form of sentencing alternative. The court found that defendant was financially able over the four-year probation period to make the $5,000 donation. Finally, the court concluded that the purpose of the donation is reasonably related to defendant's rehabilitation and the purposes of probation. We agree with the trial court's reasoning.

The broad probationary power of the court allows it to grant probation "upon such terms and conditions as it deems best" when it appears to the court that probation will serve "the ends of justice and the best interests of the public." Section 16–11–202, C.R.S. (1978 Repl. Vol. 8).

In determining the conditions of probation, the trial court also has broad discretion. See § 16–11–204(1), C.R.S. (1985 Cum.Supp.). That discretion is particularly evident in § 16–11–204(2)(1), C.R.S. (1978 Repl. Vol. 8) which provides that the court may, as a condition of probation, require that defendant "[s]atisfy any other conditions reasonably related to his rehabilitation and the purposes of probation." Thus, the fact that § 16–11–204(2), C.R.S. (1978 Repl. Vol. 8) lists some conditions of probation that the court may impose does not restrict the court from imposing other reasonable restrictions.

■ Defendant argues that the charitable contribution condition is only a veiled requirement that he make restitution to the community and that, therefore, it is governed by § 16–11–204.5, C.R.S. (1985 Cum. Supp.). This argument is implicitly based on the contention that the probation statute limits monetary conditions only to restitution. Such is not the case. For example, the court may require that defendant "support his dependents." Section 16–11–204(2)(d), C.R.S. (1978 Repl. Vol. 8). Similarly, the court may require payment of "any fines or fees imposed by the court." Section 16–11–204(2)(e.5), C.R.S. (1985 Cum.Supp.). Thus, construing the probation statute as a whole, we conclude that the court may, within its discretion impose a variety of monetary conditions in connection with granting probation. See Massey v. District Court, 180 Colo. 359, 506 P.2d 128 (1973).

■ Under the circumstances here, the trial court did not abuse that discretion in finding that a $5,000 charitable contribu-

tion by defendant is reasonably related not only to his rehabilitation but also the general purposes of probation. Defendant is a 60–year–old retired surgeon. As the trial court noted, the charge here was with respect to only one, isolated incident and that defendant is not a drug dealer, nor does he abuse drugs himself.

The presentence report recommended conditions of probation in order to promote deterrence. The court further noted that the offense is serious, which seriousness defendant should realize.

Under such circumstances, a requirement that a defendant perform community or charitable work or make donations thereto would certainly meet not only the rehabilitation and education purposes of probation, but also the best interests of the public. *See People v. Ressin,* 620 P.2d 717 (Colo. 1980); § 16–11–202, C.R.S. Thus, the trial court here did not abuse its discretion by imposing a monetary condition upon defendant in order to assist defendant in leading a law-abiding life. *See* § 16–11–204(1), C.R.S. (1985 Cum.Supp.).

We are not persuaded by defendant's argument that language found in the statute covering deferred judgments, § 16–7–403(2), C.R.S. (1978 Repl. Vol. 8), somehow limits the broad grant of power under the probation statute. We can ascertain no legislative intent to limit the probation powers of the court. *See* § 16–11–202, C.R.S. (1978 Repl. Vol. 8).

Furthermore, imposing monetary conditions allows the court to fashion reasonable rehabilitation incentives in particular cases such as this. Thus, our construction of the probation statute as allowing for various monetary conditions of probation promotes the purposes for which the statute was enacted. *See Schubert v. People,* 698 P.2d 788 (Colo.1985).

The sentence is affirmed.

STERNBERG and METZGER, JJ., concur.