The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dennis R. PALMER, Defendant–Appellant.

No. 98CA1216.

Colorado Court of Appeals, Div. II.

Feb. 3, 2000.

Rehearing Denied March 30, 2000.

Certiorari Granted Sept. 18, 2000.

Ken Salazar, Attorney General, Melissa D. Allen, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Dennis R. Palmer, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of possession of marijuana with intent to distribute. We remand for further proceedings relevant to a determination of defendant's competency.

Police officers learned from a confidential informant that a substantial quantity of marijuana could be found in a box in the back of a

white pickup truck. The informant told the officers the address where the truck would be located and described other vehicles which would be present. However, the informant did not name any of the people involved.

The officers went to the location and observed vehicles matching the descriptions provided by the informant. When defendant drove the white pickup truck from the scene, the police officers stopped him.

One of the officers asked defendant for permission to search the truck for marijuana. Defendant told the officer there was no marijuana in the truck and agreed to the search. The officer opened an unlocked wooden box in the open bed of the truck and discovered 89 pounds of marijuana.

Defendant was found to be indigent and was represented by court-appointed counsel. Prior to trial, defense counsel informed the court that, since the time charges were first filed, defendant had been seriously injured when a car he was working on came off of a lift and crushed his head. Defendant suffered multiple skull fractures and, as a result of these injuries, had no recollection of the events for which he was charged. Defense counsel asserted that defendant's memory loss rendered him incompetent because he was unable to assist in his own defense.

The trial court referred defendant for a competency evaluation through the Colorado Mental Health Institute. The evaluation was conducted by a forensic psychiatrist at the University of Colorado Health Sciences Center. The psychiatrist interviewed defendant and reviewed the medical records of his injuries. The psychiatrist accepted defendant's claim that he recalled nothing of the events surrounding his arrest. However, the psychiatrist concluded that, because defendant was able to understand the workings of the court, he would be able to assist his lawyer. The psychiatrist explained that: "It is my understanding that amnesia per se does not qualify as a reason in itself to call a person incompetent to proceed."

Defense counsel disagreed with the psychiatrist's conclusion that defendant was competent and asked the trial court to appoint an independent examiner to conduct a second examination at state expense before determining defendant's competency. Counsel explained that, because of his amnesia, defendant was unable to provide counsel with the information necessary to formulate a defense such as the names of possible witnesses or alternative suspects.

The trial court refused to appoint an independent examiner and made a finding that defendant was competent to proceed.

Evidence at trial established that the truck defendant had been driving belonged to his brother. Defendant had been borrowing the truck for about six months and using it in his landscaping business. During that time, defendant's brother had seen persons other than defendant driving the truck.

The confidential informant did not testify at trial, and the prosecution did not call any witness to testify that defendant was involved in marijuana distribution or that he was aware the marijuana was in the truck. The police officers testified that they recovered several fingerprints from the marijuana packaging which were not of good enough quality to make a comparison.

Defendant's memory did not improve during trial. When the court asked defendant whether he was going to testify, defendant replied that he was not, because "I can't remember anything to testify."

At sentencing, defendant was unable to allocute, again explaining: "I can't remember anything that happened. I surely can't deny it after going through a trial, and they found me guilty. Something must have been wrong, Your Honor, but I, as a person, I have no memory of it."

On appeal, defendant argues that the trial court improperly determined that he was competent to proceed and, similarly, erred by refusing his request for an independent psychiatric examiner. We agree with both contentions.

A.

A person is incompetent to proceed when he "is suffering from a mental disease or defect which renders him incapable of understanding the nature and course of the pro-

ceedings against him or of participating or assisting in his defense or cooperating with his defense counsel." Section 16–8–102(3), C.R.S.1999.

■ An accused's competency must be assessed with specific reference to the nature of the proceeding with which he or she is confronted and the appropriate level of understanding necessary for meaningful cooperation with his attorney. *Jones v. District Court,* 617 P.2d 803 (Colo.1980).

Section 16–8–111(1), C.R.S.1999, provides, in relevant part, as follows:

> Whenever the question of a defendant's incompetency to proceed is raised, the court shall make a preliminary finding either that the defendant is competent to proceed or that he is not. If the court feels that the information available to it is inadequate for making such finding, it may order a competency examination or such other investigation as it deems advisable.

Section 16–8–106(1), C.R.S.1999, prescribes the procedures for a court-ordered psychiatric examination through the Colorado Mental Health Institute. As relevant here, the statute provides that, for good cause shown, the court may order further examinations as are advisable under the circumstances. In addition, § 16–8–108(1), C.R.S.1999, provides that if the defendant wishes to be examined by a psychiatrist, psychologist, or other expert of his own choice, the court shall order that such examiner be given reasonable opportunity to conduct the examination.

### B.

The issue of an amnesiac's competency is one of first impression in Colorado.

Cases from various jurisdictions across the country consistently hold that a criminal defendant's loss of memory as to the alleged incident is not per se lack of competence to stand trial. See generally J. Purver, Annotation, *Amnesia as Affecting Capacity to Commit Crime or Stand Trial,* 46 A.L.R.3d 544 (1972). A majority of courts to consider the issue have adopted the fact-specific multi-factor approach first set forth in *Wilson v. United States,* 391 F.2d 460 (D.C.Cir.1968).

■ Under the *Wilson* test, a trial court must conduct a pretrial competency hearing and must also make a post-trial determination as to whether the defendant was able to perform functions essential to the fairness and accuracy of the particular proceedings in which he or she was involved. The trial court should consider:

1. The extent to which the amnesia affects the defendant's ability to consult with his lawyer;

2. The extent to which amnesia affects the defendant's ability to testify on his own behalf;

3. The extent to which the evidence could be extrinsically reconstructed in view of the defendant's amnesia including evidence relating to the crime itself;

4. The extent to which the government assisted the defendant and his counsel in that reconstruction;

5. The strength of the prosecution's case.... In this connection, if there is any substantial possibility shown by the evidence that the accused could, but for his amnesia, establish an alibi or other defense, then it should be presumed that he would have been able to do so; and

6. Any other facts and circumstances which would indicate whether or not the defendant had a fair trial.

We are persuaded that this is the best analytical framework for assessing the competency of a defendant who has no ability to recall the underlying events and whose amnesia is not self-induced by alcohol or other substance abuse.

### C.

■ In some cases, it is possible for an appellate court to say with confidence that evidence of the amnesiac defendant's guilt was so overwhelming that a remand to the trial court for findings applying the *Wilson* criteria is unnecessary. *See, e.g., United States v. Borum,* 464 F.2d 896 (10th Cir.1972) (evidence of amnesiac defendant's guilt was overwhelming, and it did not appear that he was deprived of any defense which would have been available to him had he been able

to relate events of homicide to counsel). However, this is not such a case.

The evidence here was largely circumstantial. Defendant consented to the search in a manner consistent with his alleged innocence and made no incriminatory statements to the police. The marijuana was found in an unlocked container in an unenclosed area of the truck, and there was some evidence indicating that persons other than defendant had used the truck.

Therefore, it is necessary in this case to conduct an inquiry into the effects of defendant's amnesia utilizing the *Wilson* factors. Because that inquiry is fact-specific and may require development of an additional evidentiary record, we conclude it is necessary to remand the matter to the trial court. Among other things, the trial court is in the best position to determine whether, because this case was based on information obtained from a confidential informant whose identity was never disclosed, defendant's lack of memory impaired counsel's ability to investigate witnesses and present a defense. Likewise, the trial court can best determine whether defendant's decision not to testify was attributable to his failed memory or his prior felony conviction for distributing cocaine.

If, on remand, the trial court finds that defendant was competent, defendant shall have the right to appeal that ruling and can also seek review of the trial court's pre-trial ruling denying his motion to suppress evidence, an issue which we do not presently address. *See Jones v. District Court, supra* (pre-trial motions may bear as significantly on the ultimate outcome of the case as the trial itself; due process requires that the defendant be mentally capable of cooperating in his or her own defense at that stage of the proceedings).

If the trial court finds that defendant was incompetent, then it shall vacate the judgment of conviction. If the trial court finds that defendant remains incompetent and that there are no remedial measures which will enable the court to conduct a trial satisfying due process, it shall order defendant committed or refer him for out-patient treatment as

a non-violent offender. Section 16–8–112, C.R.S.1999.

## D.

Finally, we address defendant's claim that the trial court erred by refusing his request for an examination by a psychiatric expert of his own choosing at state expense pursuant to § 16–8–108. We conclude the trial court should have granted defendant's request.

*Citing Massey v. District Court*, 180 Colo. 359, 506 P.2d 128 (1973), the People assert that an indigent criminal defendant who has been examined pursuant to § 16–8–106 is not entitled to a second independent examination pursuant to § 16–8–108 absent a showing of good cause.

Here, however, based on the premise that defendant generally understood the workings of a court, the examiner concluded that defendant was competent to proceed. But, as discussed, this is not the proper analytical framework to evaluate the competency of a defendant who has amnesia. Therefore, assuming without deciding that a showing of good cause was required, we agree with defendant that, under these circumstances, he was entitled to an independent examination at state expense pursuant to § 16–8–108. Thus, we further direct the trial court on remand to grant defendant's request for an examination pursuant to § 16–8–108 (subject to a determination whether defendant remains indigent).

The cause is remanded to the trial court with directions to determine defendant's competency in accordance with the views expressed in this opinion.

Chief Judge HUME and Judge PLANK concur.